# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:12cr266 |
| | : | No. 3:16cv1117 |
| v. | : | |
| | : | (Judge Munley) |
| HUBY RAMKISSOON, | : | |
| Defendant | : | |

## **MEMORANDUM**

Before the court for disposition is Defendant Huby Ramkissoon's (hereinafter "the defendant") 28 U.S.C. § 2255 (hereinafter "section 2255") motion to vacate, set aside, or correct his sentence. (Doc. 34). For the following reasons, the court will deny the motion.

## Background

A grand jury indicted the defendant on October 16, 2012, for crimes related to his armed robbery of a jewelry store on May 14, 2008, in Wilkes-Barre, Pennsylvania. (Doc. 1, Indictment). On April 30, 2012, the defendant pled guilty to: (1) interference with commerce by robbery in violation of 18 U.S.C.A. § 1951 (hereinafter "Hobbs Act robbery"); and (2) use and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (Doc. 22, Plea Agreement). In accordance with the U.S. Sentencing Guidelines (hereinafter "U.S.S.G." or "Sentencing Guidelines" or "Guidelines"), we sentenced the defendant on

September 4, 2013, to consecutive terms of imprisonment, namely forty-eight (48) months of incarceration for the Hobbs Act robbery, and eighty-four (84) months of incarceration for the use and brandishing a firearm during and in relation to a crime of violence.  (Doc. 29, Judgment).

On June 12, 2016, the defendant filed the instant section 2255 motion.  (Doc. 34).  In his motion, the defendant contends that, following the United States Supreme Court's decision in <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015),[1] his Hobbs Act robbery conviction no longer qualifies as a "crime of violence," and therefore, his consecutive sentence on the use and brandishing a firearm during and in relation to a crime of violence violates due process of law.  The parties then briefed the issues, bringing the case to its current procedural posture.

**Jurisdiction**

As defendant brings his motion under section 2255, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties

---

[1]  In <u>Johnson</u>, the Supreme Court declared the residual clause of the Armed Career Criminal Act ("ACCA"), which defines "violent felony" as, *inter alia*, an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," as unconstitutionally vague.  135 S. Ct. at 2557.

2

of the United States."). We also have jurisdiction under 28 U.S.C. § 2241 ("Writs of habeas corpus may be granted by . . . the district courts[.]").

**Standard of Review**

Generally, a federal prisoner in custody under the sentence of a federal court may, within one year from when the judgment becomes final, move the sentencing court to "vacate, set aside, or correct" a sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A federal prisoner may also file a section 2255 motion within one year from "[t]he date on which the right asserted was initially recognized by the Supreme Court, if that right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). A section 2255 motion may attack a federal prisoner's sentence on any of the following grounds: (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or (3) there has been such a denial or infringement of the Constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. 28 U.S.C. § 2255(b).

Section 2255 does not, however, afford a remedy for all errors that may have been made at trial or sentencing. United States v. Essig, 10

3

F.3d 968, 977 n.25 (3d Cir. 1993). Rather, section 2255 permits relief for an error of law or fact constituting a "fundamental defect which inherently results in a complete miscarriage of justice." United States v. Eakman, 378 F.3d 294, 298 (3d Cir. 2004) (citing United States v. Addonizio, 442 U.S. 178, 185 (1979)). If the court determines that the sentence was not authorized by law, was unconstitutional, or is otherwise open to collateral attack, the court must vacate the judgment, resentence the prisoner, or grant the prisoner a new trial as appropriate. See 28 U.S.C. § 2255(b).

**Discussion**

The defendant argues that his Hobbs Act robbery conviction no longer qualifies as a "crime of violence" under the Sentencing Guidelines, and that he should be resentenced. The government challenges the defendant's section 2255 motion on two grounds. First, the government contends that the defendant waived his right to challenge or appeal his conviction and sentence. Second, the government contends that the defendant's Hobbs Act robbery still qualifies as a "crime of violence" under the Sentencing Guidelines. We address only the government's second contention, as it is dispositive.

## I. Hobbs Act Robbery is a "Crime of Violence"

As mentioned above, the government contends that the defendant's Hobbs Act robbery qualifies as a "crime of violence" under the Sentencing Guidelines. We agree.

The Sentencing Guidelines at 18 U.S.C. § 924(c) define a "crime of violence" as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

United States v. Robinson, 844 F.3d 137, 140 (3d Cir. 2016) (quoting 18 U.S.C. § 924(c)(3)(A)-(B)). These clauses are known as the "elements clause" and the "residual clause," respectively. In Robinson, the United States Court of Appeals for the Third Circuit explicitly held that a Hobbs Act robbery is a "crime of violence" under the elements clause. Id.

Recognizing that the court must follow Robinson, the defendant suggests that we use the so-called "categorical approach"[2] to analyze the

---

[2] The "categorical approach" emerged as a means of judicial analysis in Taylor v. United States, 494 U.S. 575 (1990). There, the Court "concluded that only the conviction itself and the statutory definition of the particular offense, and not a description of the defendant's conduct, could be considered in determining whether an offense qualified as a violent felony under the ACCA." Robinson, 844 F.3d at 141 (citing Taylor, 494 U.S. at 602).

5

elements clause. The Third Circuit, however, also explicitly rejected this suggestion in Robinson, explaining:

> We do not agree that the categorical approach applies here. When the predicate offense, Hobbs Act robbery, and the § 924(c) offense are contemporaneous and tried to the same jury, the record of all necessary facts are before the district court. The jury's determination of the facts of the charged offenses unmistakably shed light on whether the predicate offense was committed with "the use, attempted use, or threatened use of physical force against the person or property of another." The remedial effect of the "categorical" approach is not necessary.

Id. at 141.

Here, the plea agreement establishes that the defendant's predicate offense, Hobbs Act robbery, and the § 924(c) offense, use and brandishing a firearm, occurred contemporaneously. Specifically, on May 14, 2008, the defendant, along with other individuals, entered Dunay Jewelers in Wilkes-Barre, Pennsylvania, pointed firearms at the store's owners and employees, and made demands for money and jewelry. (Doc. 1, Indictment at 7). In doing so, the defendant interfered with commerce by robbery. (Id. at 8). The defendant admitted to these facts when he signed the plea agreement, thus unmistakably establishing that he committed the predicate offense, Hobbs Act robbery, with the use, attempted use, or threatened use of physical force against the person or property of another.

6

Consequently, the remedial effect of the categorical approach is not necessary.

Based on these reasons, we find that the Third Circuit's decision in <u>Robinson</u>, 844 F.3d 137, forecloses the defendant's section 2255 motion. The motion will thus be denied.

**Conclusion**

For the above-stated reasons, the court will deny the defendant's section 2255 motion. An appropriate order follows.

**Date: <u>May 2, 2017</u>**            **s/ James M. Munley**
                                        **JUDGE JAMES M. MUNLEY**
                                        **United States District Court**